# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES HEDMAN CLARK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05CV01500 ERW |
| | ) | |
| **TOM A. MICKES, THE LAW FIRM** | ) | |
| **f/k/a/MICKES, TUETH, KEENEY,** | ) | |
| **COOPER, MOHAN & JACKSTADT,** | ) | |
| **JIM HARVEY CLARK, PETER** | ) | |
| **KACHRIS, JOAN ZAVINSKI, PAM** | ) | |
| **BERTANI, FRAN BUHLER,** | ) | |
| **SPECIAL SCHOOL DISTRICT,** | ) | |
| **SPECIAL SCHOOL DISTRICT** | ) | |
| **BOARD OF EDUCATION and** | ) | |
| **SPECIAL SCHOOL DISTRICT** | ) | |
| **GOVERNING COUNCIL,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of James Hedman Clark for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An

action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**First amended complaint**

Plaintiff's amended complaint is an attempt to amend by interlineation. This Court does not permit amendment by interlineation. Where, as here, plaintiff wishes to amend his complaint, he must re-plead and reassert all of his allegations and claims against all defendants. An amended complaint then supercedes and replaces all prior complaints.

Moreover, although a pro se complaint is to be liberally construed, the complaint must still contain "a short and plain statement of the grounds upon which the court's jurisdiction depends...[and] a short and plain statement of the claim showing that the pleader is entitled to relief,..." FED. R. CIV. P. 8(a); *Means v. Wilson*, 522 F.2d 833, 840 (8th Cir. 1975). Plaintiff's allegations are not short and plain, and, even affording the complaint a liberal construction, the Court is unable to ascertain the nature of plaintiff's claims, which are set forth in such detail and variety as to appear to be without logical or meaningful connection.

Because plaintiff is proceeding pro se and in forma pauperis, the Court will allow him an additional thirty (30) days in which to file a second amended complaint, as set forth below.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that plaintiff shall file a second amended complaint within thirty (30) days from the date of this Order. In the second amended complaint, plaintiff shall specify the full names of all defendants in this action and shall set forth as to each defendant the specific factual allegations supporting his claim against the particular defendant, as well as the specific rights that he claims the defendant violated. Last, plaintiff must sign the second amended complaint. Plaintiff is advised that his second amended complaint will supersede all of the complaints he has submitted to date, and it will be the only complaint this Court reviews.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of a second amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

So Ordered this 30th Day of November, 2005.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**