# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HEDMAN CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05CV01500 ERW |
| | ) | |
| TOM A. MICKES; THE LAW FIRM f/k/a/MICKES, TUETH, KEENEY, COOPER, MOHAN & JACKSTADT SPECIAL SCHOOL DISTRICT; and FRANCIS HOWELL SCHOOL DISTRICT, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

On November 30, 2005, the Court ordered plaintiff to file a second amended complaint specifying the full names of all defendants in this action and setting forth, as to each defendant, the specific factual allegations supporting his claim against the particular defendant and the specific rights that plaintiff claims defendant violated. Now before the Court for review, pursuant to 28 U.S.C. § 1915(e), is plaintiff's second amended complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**Second amended complaint**

Plaintiff alleges eight causes of action against defendants, as follows: 1) breach of contract against defendant Francis Howell School District ("Francis Howell"); 2) tortious interference with a contractual relationship against defendants Francis Howell and Mickes, Tueth, Keeney, Cooper, Mohan & Jackstadt ("the Mickes law firm"); 3) spoilage of evidence against defendants Special School District ("SSD") and Francis Howell; 4) invasion of privacy against defendants SSD, Tom A. Mickes ("Mickes") and the Mickes law firm; 5) defamation against defendants SSD, Mickes, the Mickes law firm, and Francis Howell; 6) deprivation of teacher's rights against defendants SSD and Francis Howell; 7) tortious interference with the attorney-client relationship against Mickes and the Mickes law firm; and 8) conspiracy to interfere with plaintiff's civil rights against defendants SSD, Mickes, the Mickes law firm and Francis Howell.

**Discussion**

Plaintiff seeks monetary damages in this action against the above-named defendants. Jurisdiction is based on 28 U.S.C. § 1343. In addition, plaintiff references 42 U.S.C. §§ 1983 and 1985. Apparently, he also seeks this Court's supplemental jurisdiction over state-law claims, since

2

he has alleged seven state law causes of action and one federal cause of action, conspiracy to interfere with civil rights against defendants SSD, Mickes, the Mickes law firm and Francis Howell.

Plaintiff cannot maintain a cause of action against defendants under § 1985 because there is no allegation of race-based or class-based animus. *Steele v. City of Bemidji,* 257 F.3d 902, 906 (8th Cir. 2001) (*citing Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268-69, 113 S.Ct. 753 (1993) (conspiracy actionable under § 1985 must be motivated by class-based animus).

However, for purposes of threshold review, plaintiff has sufficiently alleged a § 1983 conspiracy claim. *See Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999) ("...plaintiff must show: that the defendant conspired with others to deprive him...of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff"); *see also Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598 (1970) (to be considered state actor, private party must have "reached an understanding" with state officials to deny civil rights and have been "willful participant in joint activity with the State"). Plaintiff's federal cause of action, as well as state law claims under this Court's supplemental jurisdiction, survive pre-service dismissal. Therefore, the Court will order process to issue upon the complaint as to the named defendants.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint against the named defendants.

So Ordered this 7th Day of February, 2006.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**