UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CLARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:05CV01500 ERW |
| TOM A. MICKES et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court upon Plaintiff's Motion to Supplement Response to Motions to Dismiss [doc. #43]. In his Motion to Supplement, Plaintiff requests that he be permitted to file certain information concerning the "Camp Crystal Foundation" and "Samson Property, LLC," as exhibits to his Memorandum in Opposition to Defendants' Motions to Dismiss. Defendants Mickes, Special School District, and Francis Howell School District have all moved for dismissal on the basis of Federal Rule of Civil Procedure 12(b)(6).

When it considers Defendants' Motions to Dismiss, the Court will not dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim entitling him to relief. *See Breedlove v. Earthgrains Banking,* 140 F.3d 797, 799 (8th Cir. 1998). Moreover, the Court must assume that all material facts alleged in the Complaint are true. *See Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The Court must view all facts and inferences in the light most favorable to Plaintiff and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

F.3d 432, 434 (8th Cir. 1997). The issue on Motions to Dismiss is not whether Plaintiff ultimately will prevail, but whether Plaintiff is entitled to present evidence in support of his claim. *See Schuer v. Rhodes*, 416 U.S. 232, 236 (1976).

Here, the evidence Plaintiff wishes to proffer is related to allegations regarding how he has been damaged by the Defendants' alleged actions. This kind of evidence is not properly considered by the Court on a Motion to Dismiss because it constitutes evidence outside of the pleadings. Thus, the filing of such evidence would be futile at this time, and Plaintiff's Motion to Supplement therefore will be denied.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Supplement Response to Motions to Dismiss [doc. #43] is **DENIED**.

Dated this 12th day of May, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff may be able to present this evidence at a later time. For example, such evidence might be submitted in the context of a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com