UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES HEDMAN CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV01500 ERW |
| ) | |
| TOM A. MICKES et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant Francis Howell School District's Motion to Dismiss [doc. #28], Defendants Tom A. Mickes[1] and Tueth, Kenney, Cooper, Mohan & Jackstadt, P.C.'s Motion to Dismiss [doc. #30], and Defendant Special School District's Motion to Dismiss [doc. #33].

**I.   BACKGROUND FACTS**

In his Second Amended Complaint,[2] Plaintiff James Hedman Clark ("Plaintiff") brings eight counts containing allegations against Defendants Francis Howell School District ("FHSD"), Special School District ("SSD"), Tom A. Mickes ("Mr. Mickes"), and the law firm of Tueth, Kenney,

---

[1]Mr. Mickes is an attorney allegedly formerly associated with Tueth, Kenney, Cooper, Mohan & Jackstadt.

[2]Plaintiff filed his original Complaint on September 16, 2005. On September 26, 2005, Plaintiff filed his Amended Complaint, which was an attempt to amend by interlineation. On November 30, 2005, the Court ordered Plaintiff to file a Second Amended Complaint, specifying the full names of all defendants and setting forth specific factual allegations as to each defendant. Plaintiff filed his Second Amended Complaint on January 26, 2006. On February 7, 2006, the Court ordered the Clerk to issue process upon the Second Amended Complaint against the named defendants.

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Cooper, Mohan & Jackstadt, P.C. ("Law Firm") (collectively, "Defendants"). Plaintiff's allegations against Defendants are numerous and are set forth in great detail in the 449 paragraphs of his 79-page Second Amended Complaint. For purposes of the Motions currently before the Court, the Court accepts as true the facts alleged in Plaintiff's Second Amended Complaint.

In the early 1990s, Plaintiff was hired by SSD to work with students having identified behavioral problems. During his tenure at SSD, Plaintiff received positive performance evaluations as well as various teaching awards. In 1999, Plaintiff was "hotlined" to the Department of Family Services ("DFS") concerning an allegation that he had sexually abused a student. After an investigation in April 1999 ("DFS Investigation"), DFS found the allegation to be unsubstantiated. While this investigation took place, Plaintiff reported for work at the SSD main office instead of his assigned school. Upon the conclusion of the investigation, Plaintiff returned to working at his assigned school. He continued his employment with SSD until his resignation in 2001.

In June 2002, Plaintiff applied for a position with FHSD. In a letter dated July 2, 2002, FHSD thanked Plaintiff for accepting a learning disability position at Hollenbeck Middle School, which would begin on August 12, 2002. Second Amended Complaint ("SAC"), Ex. 26 ("Offer Letter"). The Offer Letter indicated that Plaintiff's employment was "tentative and based upon the receipt of transcript(s) and verification of previous employment." *Id.* The Offer Letter instructed Plaintiff to sign and return the letter to "formalize" his acceptance until his contract became available. In a subsequent letter dated July 11, 2002, FHSD withdrew its offer of employment because it had "become aware that [Plaintiff] had a record of unsatisfactory performance during [his] employment in similar positions in the past." SAC, Ex. 27 ("Withdrawal Letter"). The Withdrawal Letter explained:

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> [T]he Francis Howell R-III School District is withdrawing its offer of employment for the 2002-2003 school year. The administration was prepared to submit its recommendation that you be employed as a special education teacher to the Board of Education at its next regular meeting. However, before the recommendation could be made, the administration became aware that you had a record of unsatisfactory performance during your employment in similar positions in the past. Accordingly, the administration must withdraw its offer.

*Id.* On August 8, 2002, Plaintiff sent a letter to FHSD through his attorney, Mr. Shinner, explaining that he did not have a record of unsatisfactory performance and requesting that he be provided with the identity of the source of information concerning his alleged unsatisfactory performance. *See* SAC, Ex. 28 ("Response Letter"). Through its attorney, Celynda Brasher of the Law Firm, FHSD responded to Plaintiff's inquiry. See SAC, Ex. 31 ("Explanation Letter"). The Explanation Letter stated: "Although [Plaintiff] may have produced documentation of some awards and one or more satisfactory evaluations, he most likely did not advise you of complaints lodged with prior employers and/or the Division of Family Services regarding his teaching ability and the use of inappropriate physical force with students." *Id.* The Explanation Letter went on to explain that, after FHSD became aware of this history, it decided to withdraw its offer of employment. *Id.*

Based on the above-described events and numerous other events described in the Second Amended Complaint, Plaintiff alleges that some or all Defendants breached a contract, tortuously interfered with a contractual relationship, spoiled evidence, invaded his privacy, defamed him, deprived him of his "teachers rights," tortuously interfered with the attorney-client relationship, and conspired to interfere with his civil rights. Some of Plaintiff's claims are based on federal law, while others are based on state tort law. By three separate Motions, Defendants have moved for dismissal

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of the claims against them.[3]

## II. MOTION TO DISMISS STANDARD

The standards governing motions to dismiss are well-settled. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. *Breedlove v. Earthgrains Baking,* 140 F.3d 797, 799 (8th Cir. 1998). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party and "may dismiss the complaint only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint." *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 464 (8th Cir. 2002). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief."

---

[3] Plaintiff filed a Memorandum in Opposition to the Motions to Dismiss [doc. #36]. Plaintiff's Memorandum contains a section entitled "Previously Undisclosed Verifiable Facts," in which Plaintiff sets forth twenty-one paragraphs containing both facts and argument. To the degree that these allegations are not contained in Plaintiff's Second Amended Complaint, they will not be considered by the Court. Plaintiff had ample opportunity prior to the filing of the Motions to Dismiss to amend his complaint and, in fact, did so two times. He has not requested leave to amend his complaint for a third time, nor has the opportunity to amend ever been denied to him. He cannot be permitted to defeat Motions to Dismiss by attempting to set forth additional and new allegations in his Memorandum in Opposition. This would be a clear violation of the Federal Rules of Civil Procedure and binding Eighth Circuit precedent, both of which require that all allegations be set forth in the *complaint*. *See* Fed. R. Civ. P. 8(a)(2) (pleading which sets forth claim for relief must contain short and plain statement of claim showing that the pleader is entitled to relief); *Breedlove v. Earthgrains Baking*, 140 F.3d 797, 799 (8th Cir. 1998) (motion to dismiss should be granted if plaintiff's *complaint*, construed in light most favorable to him, indicates he has not alleged set of facts entitling him to relief).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

*Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1976). However, to avoid dismissal under Rule 12(b)(6), "the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999).

**III. DISCUSSION**

Plaintiff's claims are based on a variety of federal and state laws. In accordance with its duty to liberally construe Plaintiff's Second Amended Complaint, the Court finds that Plaintiff is attempting to bring the following federal claims for relief: (1) a § 1983 claim for invasion of privacy against SSD, Mr. Mickes, and the Law Firm; (2) a § 1983 claim for defamation against FHSD, SSD, Mr. Mickes, and the Law Firm; (3) a § 1983 claim for deprivation of "teachers rights" against FHSD and SSD; and (4) a § 1983 claim for conspiracy to interfere with Plaintiff's civil rights against FHSD, SSD, Mr. Mickes, and the Law Firm. The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331.[4] In addition, Plaintiff brings the following state law claims for relief: (1) a claim for breach of contract against FHSD; (2) a claim for tortuous interference with a contractual relationship against FHSD and the Law Firm; (3) a "spoilage of evidence" claim against FHSD and SSD; (4) a claim for invasion of privacy against SSD, Mr. Mickes, and the Law Firm; (5) a claim for defamation against FHSD, SSD, Mr. Mickes, and the Law Firm; and (6) a claim for tortuous interference with an attorney-client relationship against Mr. Mickes and the Law Firm. The Court has supplemental

---

[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(a)[5] because they form part of the same case or controversy as the federal claims enumerated above.

Each of Plaintiff's four federal claims are based on 42 U.S.C. § 1983.[6] Section 1983 is a remedial statute. It provides that a person acting under "color of any statute, ordinance, regulation, custom, or usage, of a State or Territory or the District of Columbia" is liable for the "deprivation of any rights, privileges, or immunities secured by the Constitution and its laws." 42 U.S.C. § 1983. The statute is "merely a vehicle for seeking a federal remedy for violations of federally protected rights." *Foster v. Wyrick,* 823 F.2d 218, 221 (8th Cir. 1987). "Section 1983 provides a cause of action to persons deprived of a liberty or property interest without due process of law." *Barry v. Blue Springs R-IV Sch. Dist.*, 557 F. Supp. 249, 252 (W.D. Mo. 1983). Thus, because § 1983 does not create substantive rights, a plaintiff must identify an underlying federal or constitutional right he or she believes has been infringed upon. To establish a claim under § 1983, Plaintiff must prove that: (1) the conduct complained of was committed by a person acting under color of state law; and (2)

---

[5]"Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . ." 28 U.S.C. § 1367(a).

[6]At various times throughout the Second Amended Complaint, Plaintiff appears to attempt to bring his federal claims on the basis of other federal statutes which either are not applicable to Plaintiff or do not provide an independent basis for relief. First, 18 U.S.C. § 1905 is not applicable because Defendants are not federal entities and Plaintiff's allegations do not concern trade secrets, processes, operations, income, or the like. Second, 28 U.S.C. § 1343 does not provide an independent basis for relief. Rather, it is merely a jurisdictional statute which, when read with other federal statutes, may confer subject matter jurisdiction upon federal courts. Finally, on February 7, 2006, the Court dismissed Plaintiff's 42 U.S.C. § 1985 claims because Plaintiff failed to allege any race-based or class-based animus. Thus, these statutes will not be discussed in the Court's analysis.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

the conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Gentry v. Lee's Summit, Mo.*, 10 F.3d 1340, 1342 (8th Cir. 1993).

    A.    <u>Counts Four and Five: Deprivation of Right to Privacy and Defamation Under § 1983</u>

In Count Four, Plaintiff brings a § 1983 claim alleging that SSD, Mr. Mickes, and the Law Firm unlawfully deprived him of his right to privacy, and, in Count Five, Plaintiff brings a § 1983 claim against Mr. Mickes, the Law Firm, and SSD,[7] for their alleged defamatory statements concerning him.[8]

    1.    *Allegations against Mr. Mickes and the Law Firm*

In Counts Four and Five, Plaintiff alleges that Mr. Mickes improperly supplied the Law Firm with information about the DFS Investigation. SAC ¶ 321. Further, Plaintiff alleges that the Law Firm invaded his privacy when it sent the Explanation Letter. SAC ¶ 331(d), 322. Specifically, Plaintiff alleges that, in the Explanation Letter, the Law Firm defamed him "by accusing and/or acknowledging the Plaintiff had complaints lodged against him from prior employers and/or the Division of Family Service regarding his teaching abilities and the use of inappropriate physical force with students." SAC ¶ 351. Also, Plaintiff alleges that, upon learning of Plaintiff's potential lawsuit

---

[7]Although Plaintiff's Second Amended Complaint is not clear with regard to whether he is attempting to bring a § 1983 claim against SSD for defamation, the Court liberally construes his allegations as an attempt to state a claim under § 1983 against SSD.

[8]In the heading of Count Five, Plaintiff indicates that he is bringing his § 1983 claim against FHSD. However, the allegations in Count Five do not contain any specific factual allegations as to how FHSD defamed Plaintiff. In short, Plaintiff makes no allegations that FHSD made an untrue statement about him. Because Plaintiff has failed to allege facts which, if true, would state a claim against FHSD for defamation, Count Five against FHSD will be dismissed without further discussion.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

against SSD, "Defendant Mickes and/or [the Law Firm] then communicated with FHSD" regarding the DFS investigation. SAC ¶ 366.

Plaintiff has failed to state a claim under § 1983 against Mr. Mickes or the Law Firm for deprivation of his privacy rights or for defamation. "Section 1983 secures most constitutional rights from infringement by governments, not private parties[; w]here a private party acts under color of state law, however, it can be held liable under § 1983." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citation omitted). Because neither Mr. Mickes nor the Law Firm is state actor or is alleged to have been acting under color of state law, neither may be held liable under § 1983. *See, e.g.*, *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999) (conduct of counsel generally does not constitute action under color of state law).[9] Because Plaintiff has failed to state a claim upon which relief can be granted as to Mr. Mickes and the Law Firm, Plaintiff's § 1983 claims concerning invasion of privacy and defamation against Mr. Mickes and the Law Firm will be dismissed.

  2. *Allegations against SSD*

   a. <u>Count Four: Deprivation of Privacy</u>

In Count Four, Plaintiff alleges that SSD invaded his privacy by publicizing a private matter when, in early April 1999, the superintendent at SSD allegedly told Plaintiff's father or mother, or both, of the abuse allegation that had been lodged against him with DFS and about DFS' impending investigation. SAC ¶¶ 315, 317. Plaintiff further alleges that, during the DFS investigation, SSD

---

[9]Private citizens who act in concert with state officials can be held liable under Section 1983. *DuBose*, 187 F.3d at 1003. To the extent that Plaintiff is alleging Mr. Mickes and the Law Firm are liable because they acted in concert with state officials, he has failed to state a claim upon which relief may be granted because he has not alleged that he was deprived of a constitutional or other federal right. *See* Part C, below.

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

forced him to work in a supply office where he could be observed by others, which embarrassed and degraded him. SAC ¶ 319. According to Plaintiff, after the conclusion of the DFS Investigation, he returned to work in April 1999 to find that his co-workers and students all knew about the DFS Investigation. SAC ¶ 320.

Plaintiff's § 1983 claim against SSD in Count Four is barred by the applicable five-year statute of limitations. Plaintiff alleges that SSD invaded his privacy in April 1999 when it allegedly spoke with his parents, when it forced him to work in an office located in plain view of others, and when his co-workers and students knew of the DFS Investigation. However, Plaintiff did not bring the instant suit until September 2005, more than five years after the events giving rise to his claim. Therefore, Plaintiff's claims against SSC are time-barred by operation of Missouri's five-year statute of limitations. *See Sulik v. Taney County, Mo.*, 393 F.3d 765, 767 (8th Cir. 2005) (Missouri's five-year statute of limitations for personal injury actions applies to § 1983 claims; characterized as personal injury claims for the purpose of applying the appropriate statute of limitations). Plaintiff has alleged no facts and has presented no law which might indicate otherwise.[10] Because Plaintiff has

---

[10]Plaintiff claims that the limitation period on his claim is tolled pursuant to Mo. Rev. Stat. § 516.290 due to his Attention Deficit Disorder and Generalized Anxiety Disorder. Plaintiff's argument is without merit because he does not meet the requirements of the tolling statute. Plaintiff's claims can be tolled only if, at the time the action accrued, he was "disabled" by one of the following conditions: (1) being under the age of 21 years, or (2) being 'mentally incapacitated." Mo. Rev. Stat. § 516.170. To be "mentally incapacitated" for purposes of the tolling provisions, Plaintiff must have been "deprived of an ability to reason or was unable to understand and act with discretion in the ordinary affairs of life, which disability prevented plaintiff from bringing suit." *Kellog v. Kellog*, 989 S.W.2d 681, 685. Plaintiff has presented no facts which might establish that he was mentally incapacitated at the time his cause of action accrued. In fact, Plaintiff's Second Amended Complaint is replete with allegations which, if true, demonstrate that he was not mentally incapacitated at the time his cause of action accrued or for the statutory limitation period thereafter. *See, e.g.*, SAC ¶¶ 145-46, 152, 155, 157, 226-27, 231-32, 238, 322. Further, by Plaintiff's own allegations, he had not been diagnosed with Generalized Anxiety Disorder at the time his claims accrued in April 1999. *See* SAC ¶ 22.

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

failed to state a claim upon which relief can be granted with respect to his § 1983 claim against SSD in Count Four, it will be dismissed.[11]

      b.    <u>Count Five: Defamation</u>

In Count Five, Plaintiff alleges that Ms. Bertani, an employee of SSD, "stated that 'she felt the Plaintiff gets a little rough with students,' to the DFS investigator," and the comment was included in the investigator's report. SAC ¶¶ 338, 339. According to Plaintiff, this constitutes defamation.

Taking Plaintiff's allegation against SSD as true, Plaintiff has failed to state a § 1983 claim against SSD in Count Five. First, the Court notes that Missouri law provides immunity from liability to any person, official, or institution who complies with the statutes "in the making of a report . . . , or in cooperating with the division, or any other law enforcement agency, juvenile office, court, or child-protective service agency" unless the person, official, or institution intentionally files a false report, acts in bad faith, or with ill intent. Mo. Rev. Stat. § 210.135. Plaintiff alleges that Ms. Bertini, an employee of SSD, made the alleged defamatory statement to DFS during the course of the DFS Investigation. Further, Plaintiff has not alleged that Ms. Bertani intentionally made a false report or acted in bad faith or with ill intent. Thus, SSD is immune from liability pursuant to § 210.135. Second, Plaintiff has failed to state a claim pursuant to § 1983 against SSD because he has failed to allege that SSD deprived him of any constitutional or federal right. For these reasons, the

---

[11]In attempting to liberally construe Plaintiff's Second Amended Complaint, the Court notes that Plaintiff might also be alleging that SSD invaded his privacy by supplying Mr. Mickes, its alleged attorney, with information about the DFS investigation. *See* SAC ¶ 321(c). If this is Plaintiff's allegation, it fails to state a claim upon which relief can be granted under § 1983 because Plaintiff has failed to allege the deprivation of a constitutionally or federally protected right. Communication from a client to its attorney concerning allegedly private information about one of the client's employees does not rise to the level of a constitutional deprivation.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

§ 1983 claim against SSD contained in Count Five will be dismissed.

B.  Count Six: § 1983 Deprivation of "Teachers Rights"

In Count Six, Plaintiff alleges that FHSD and SSD have unlawfully deprived him of his "teachers rights" under § 1983. Plaintiff makes a variety of allegations directed toward SSD and FHSD related to events which took place during his employment with SSD and during his brief relationship with FHSD when he applied for a teaching position there.

1.  *Allegations against SSD*

Plaintiff's allegations against SSD fall into two categories. First, Plaintiff makes allegations related to the time he was employed by SSD. Plaintiff alleges that "SSD violated numerous civil and constitutional rights" including "statutory protections under the Teachers Tenure Act, denial of due process, [and] subject[ion] to an inhumane employment working environment" because: (1) during the 1998-99 school year, he was given no breaks and was forced to move his classroom into the girls' locker room which had no windows or air conditioning, no emergency back-up, and which smelled unpleasant, SAC ¶ 372(a)-(e); (2) his room was not shown to the DFS investigator during the April 1999 investigation, SAC ¶ 372(f); (3) the SSD administration did not support him during the DFS Investigation, and it publicized the fact that he was under investigation, SAC ¶ 373; (4) when he reported an inappropriate teacher-student relationship in March 2001, he was retaliated against by being given the option to transfer schools or else "deal with [Zavinski]," SAC ¶ 136-37, 378. Second, Plaintiff makes allegations related to events which took place after he received his Withdrawal Letter from FHSD in 2002: (1) SSD did not respond to his inquiries, SAC ¶ 374; (2) SSD did not correct the contents of his personnel file, SAC ¶ 375-76; and (3) SSD converted his personnel file records onto microfilm except for the "termination notice," SAC ¶ 377.

11

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

As an initial matter, Plaintiff's allegations concerning events related to his room change and the DFS Investigation are time-barred because they took place more than five years before Plaintiff filed the instant suit. *See Sulik*, 393 F.3d at 767. Thus, to the extent that Plaintiff's § 1983 claim is based on Paragraphs 372-373 and the subparts thereof, he has failed to state a claim upon which relief can be granted. Further, Plaintiff's remaining allegations do not sufficiently state a § 1983 claim against SSD because Plaintiff has failed to allege that he was denied a right, privilege, or immunity secured by the Constitution or federal law. Allegations that Plaintiff was given the option to transfer schools or else deal with a an allegedly difficult administrator, that he did not get desired responses to numerous inquiries, and that SSD would not comply with his request to correct his allegedly deficient personnel file do not rise to the level of a constitutional deprivation. Plaintiff has pointed to no law and makes no argument that would compel a different conclusion. Therefore, the § 1983 claim against SSD in Count Six will be dismissed.

2. *Allegations against FHSD*

Plaintiff makes the following factual allegations concerning FHSD: (1) FHSD "had no legitimate reason to withdraw the Plaintiff's employment offer," SAC ¶ 380; (2) FHSD refused to respond to his communication attempts, other than through its attorney, SAC ¶ 382-83; and (3) FHSD deprived Plaintiff of his "teaching rights" and "chose to continue supporting the deprivation," SAC ¶ 384.

Liberally construing Plaintiff's allegations, it appears that Plaintiff's contention is that FHSD's withdrawal of its employment offer deprived him of some property or liberty interest protected by the Due Process Clause of the Fourteenth Amendment. However, Plaintiff has failed to allege facts which, if true, would establish that he has been deprived of such a property or liberty interest. First,

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff had no property interest in the potential job with FHSD. An individual only has a property interest in his public employment if "the employee has a legitimate claim of entitlement to the public job." *Poynton v. Special Sch. Dist. of St. Louis County*, 949 F. Supp. 1407, 1413 (E.D. Mo. 1996) (internal quotation omitted). Here, Plaintiff had an offer of public employment, but he did not have an enforceable contract of employment because the Offer Letter did not constitute a contract.[12] Plaintiff has failed to allege a contractual or other legal basis that would give rise to a constitutionally-recognized property interest in employment with FHSD. *See id.* ("Plaintiff has not asserted a federal or state statute, regulation, or contract which would give rise to a property interest."). Second, Plaintiff has failed to allege that he has been deprived of any liberty interest protected by the Fourteenth Amendment. Again, liberally construing Plaintiff's allegations, he appears to contend that he was deprived of a liberty interest when he was "discharged" from employment with FHSD. However, "[l]iberty interests are not violated by the private disclosure of reasons for discharge from public employment where there is no public disclosure of the reasons for the discharge." *Id.* at 1414 (internal quotation omitted). Plaintiff does not allege that FHSD shared the reasons for withdrawal of the offer of employment with anyone other than its attorney, Plaintiff, and Plaintiff's attorney, all of which was done in response to Plaintiff's own inquiry. For these reasons, Plaintiff has failed to state a § 1983 claim against FHSD, and Count Six will be dismissed.

---

[12]Plaintiff, through his attorney, has acknowledged that the Offer Letter "did not constitute a contract." *See* SAC, Ex. 28. Further, pursuant to Missouri statute, a contract with a school district must be approved by the Board of Education of the school district, signed by the president of the Board, attested to by the secretary of the Board, and signed by the employee. *See* Mo. Rev. Stat. § 168.126. The Offer Letter is not signed by the Board president, is not attested to by the Board secretary, and does not bear Plaintiff's signature. Moreover, because the FHSD Board had not voted on or approved an employment contract with Plaintiff, no FHSD school official was authorized to enter into a contract with him. Plaintiff does not allege that the FHSD Board considered, voted on, or approved a contract to employ him.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

C. <u>Count Eight: § 1983 Conspiracy to Interfere with Plaintiff's Civil Rights</u>

Count Eight is brought against FHSD, SSD, Mr. Mickes, and the Law Firm pursuant to § 1983 on the theory that these defendants unlawfully conspired to interfere with Plaintiff's civil rights. To avoid dismissal of Count Eight, Plaintiff must allege that: (1) FHSD and SSD, state actors, conspired with others to deprive him of a constitutional right, and Mr. Mickes and the Law Firm, private actors, conspired with state actors to deprive him of a constitutional right; (2) at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured Plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Further, Plaintiff "is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *Id.*

Many of the paragraphs in Count Eight contain repetitive recitations of the elements of the cause of action and assurances that Plaintiff can prove that Defendants violated his civil rights. *See* SAC ¶¶ 425-35. In the remaining paragraphs, Plaintiff does attempt to make allegations against Defendants, though many of these are so conclusory that the Court is unable to detect any actual factual allegation. Nevertheless, the Court, with the aid of the parties' briefing and bearing in mind that Plaintiff's *pro se* Second Amended Complaint must be liberally construed, has determined that Count Eight consists of the following allegations:[13] (1) SSD and FHSD breached their duties to Plaintiff and "participated in willfully, intentional, and unlawful activities against the Plaintiff," SAC ¶ 436; (2) Mr. Mickes and the Law Firm violated Plaintiff's civil rights by "representing as legal counsel both SSD and FHSD with an unlawful objective to deprive the Plaintiff of his civil rights,"

---

[13]In examining Count Eight of the Second Amended Complaint, the Court focuses on those portions of Paragraphs 436 to 449 which arguably contain factual allegations or which refer to any factual allegation made earlier in the Second Amended Complaint.

14

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

SAC ¶ 436; (3) SSD specifically intended to injure Plaintiff by disclosing the confidential DFS report to Mr. Mickes, SAC, ¶ 437; (4) Mr. Mickes and the Law Firm wanted to permanently injure Plaintiff's reputation and credibility, SAC, ¶ 438; (5) "As a direct result of the Defendants['] conspiratorial and overt actions against the Plaintiff, his [Camp Crystal Foundation] and [Samson Property] no longer exist. In furtherance, SSD has still not corrected the dates on the Plaintiff's evaluation, replaced any of the award recognitions the Plaintiff earned, and who knows what other intentional actions SSD is still doing," SAC ¶ 443; and (6) Plaintiff's employment position with the Saint Louis Public Schools was non-retained for the 2005-06 school year and "[t]here is the appearance that some of the Defendants in this case are corresponding with some of the SLPS legal officials," SAC ¶ 445.

To state a conspiracy claim pursuant to § 1983, Plaintiff is required to set forth sufficient facts to demonstrate that he has been deprived of a right or privilege protected by the Constitution or other federal law. Plaintiff has failed to identify any protected right or privilege which has been denied, and he has failed to set forth sufficient facts which might demonstrate he has been deprived of some right or privilege to which he is entitled. In Count Eight, Plaintiff's main contention appears to be that Defendants have deprived him of his civil rights by conspiring together to ruin his reputation by sharing information concerning the DFS Investigation, thereby making it impossible for him to retain future employment. Plaintiff feels that this deprivation has led to a variety of harms, including the end of his "Camp Crystal Foundation" and his "Samson Property" ventures and significant mental suffering. Generally, Plaintiff alleges that SSD shared information about the DFS Investigation with Mr. Mickes, the attorney representing SSD at the time; at some time thereafter, Mr. Mickes shared the information with the Law Firm; and, at some time thereafter, the Law Firm shared the information

15

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

with FHSD. According to Plaintiff, this was all done in an attempt to injure his reputation and prevent him from obtaining (or causing him to lose) employment with FHSD and possibly other school districts. As explained in Part B, above, Plaintiff has failed to allege that he had a protected property interest in the potential teaching position at FHSD, and he has failed to allege that he was deprived of any property or liberty interest when the offer of employment with FHSD was withdrawn. Moreover, he has failed to identify any other right or privilege secured to him by the Fourteenth Amendment of which he has been deprived.[14]

To the extent that Plaintiff might be attempting to allege that Defendants have deprived him of his liberty interest in future employment, that attempt also fails. To state a claim for deprivation of a liberty interest in future employment, Plaintiff must allege "publication" of stigmatizing information. *See Poynton*, 949 F. Supp. at 1414. Plaintiff has failed to make such an allegation. School districts such as FHSD and the St. Louis Public Schools may access otherwise confidential information concerning complaints to DFS. *See* Mo. Rev. Stat. § 210.150.2(8). Thus, Plaintiff cannot have suffered a constitutional injury by virtue of FHSD or other school districts having obtained records they were statutorily entitled to obtain.[15] *See, e.g.*, *Whelehan v. Monroe County*, 558 F. Supp. 1093, 1109 (W.D.N.Y. 1983) (publication of suspicion of child neglect or abuse to agencies authorized by law to receive such reports not sufficient publication for purpose of stating

---

[14]*See Paul v. Davis*, 424 U.S. 693, 711-14 (1976) (explaining that interest in reputation may be protected by state tort law, but harm to this interest does not result in the deprivation of any liberty or property right recognized by state or federal law).

[15]Further, where the allegedly offending information is not "published outside of state government[,] such intra-government dissemination, by itself, falls short of the Supreme Court's notion of publication: to be made public." *Asbill v. Hous. Auth. of the Coctaw Nation of Okla.*, 726 F.2d 1499, 1503 (10th Cir. 1984) (internal quotation omitted).

16

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

§ 1983 claim). Moreover, information that Plaintiff's performance at SSD was "unsatisfactory" is insufficiently stigmatizing to deprive Plaintiff of his liberty interest in his ability to seek future employment. *See, e.g.*, *Green v. St. Louis Hous. Auth.*, 911 F.2d 65, 69-70 (8th Cir. 1990) (falsely charging employee with unsatisfactory job performance when terminating him does not infringe liberty interest); *Mercer v. City of Cedar Rapids*, 308 F.3d 840, 846 (8th Cir. 2002) (comments restricted to employee's job performance "cannot be construed to suggest stigmatizing traits such as dishonesty or racism").

Because Plaintiff has not alleged that Defendants conspired with others to deprive him of a right or privilege protected by the Constitution or other federal law, he has failed to state a claim for conspiracy to violate his civil rights pursuant to § 1983. Therefore, Count Eight of the Second Amended Complaint will be dismissed as to all Defendants.

### D. Remaining State Law Claims

The remaining claims set forth in the Second Amended Complaint are all based on Missouri tort law. This Court has jurisdiction over these remaining claims on the basis of its supplemental jurisdiction. Thus, the Court must determine whether to exercise its discretion to retain jurisdiction over these remaining claims. The United States Supreme Court has cautioned that this power "need not be exercised in every case in which it is found to exist." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly:

> The district court may decline to exercise supplemental jurisdiction . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

17

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

28 U.S.C. § 1367(c)(3). The Supreme Court has instructed that, "if the federal claims are dismissed before trial, even though not insubstnatial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 725; *see also id.* at 727 ("recognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case"). "In the usual case in which all federal-law claims are eliminated before trial, the balance of the factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1998). The decision as to whether to exercise supplemental jurisdiction over a remaining state law claim is one within the trial court's discretion; however, federal district courts generally should exercise judicial restraint and avoid state law issues when possible because such claims are more properly heard by state courts. *See, e.g.*, *United Mine Workers*, 383 U.S. at 725 (in the absence of a viable federal claim, the district court should decline to exercise supplemental jurisdiction over the state law claims); *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) ("We stress the need to exercise judicial restraint and avoid state law issues wherever possible. We also recognize within principles of federalism the necessity to provide great deference and comity to state court forums to decide issues involving state law questions.").

Because this Court has determined that all of Plaintiff's federal law claims must be dismissed for failure to state a claim upon which relief may be granted, the Court will dismiss without prejudice Plaintiff's remaining state law claims. This Court will exercise judicial restraint and avoid deciding issues of state law by declining to exercise its supplemental jurisdiction over these remaining state law claims.

18

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## IV.    CONCLUSION

Plaintiff has failed to state a claim for relief pursuant to § 1983 in Counts Four, Five, Six, and Eight, and those claims will be dismissed to the extent they present claims based on federal law. Because this Court will not exercise its supplemental jurisdiction over Plaintiff's remaining state law claims, they will be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Francis Howell School District's Motion to Dismiss [doc. #28], Defendants Tom A. Mickes and Tueth, Kenney, Cooper, Mohan & Jackstadt, P.C.'s Motion to Dismiss [doc. #30], and Defendant Special School District's Motion to Dismiss [doc. #33] are **GRANTED**.

An appropriate Order of Dismissal shall accompany this Order.

Dated this <u>6th</u> day of July, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com